0014.79217(232)                              DNL

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| OWNERS INSURANCE COMPANY, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| | ) | |
| DUDE PRODUCTS, INC. dba | ) | |
| DUDE WIPES, ROBERT LAWTON and | ) | |
| CHRISTINA HALL | ) | |
| | ) | |
|     Defendants. | ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT

Now comes the Plaintiff, OWNERS INSURANCE COMPANY, by its attorneys, RICHARD M. WARIS and DAVID N. LARSON of PRETZEL & STOUFFER, CHARTERED, and for its Complaint for Declaratory Judgment against the Defendants, DUDE PRODUCTS, INC. dba DUDE WIPES, ROBERT LAWTON and CHRISTINA HALL, alleges the following:

### THE PARTIES

1.      Owners Insurance Company (hereinafter "Owners") is, and at all relevant times was, a corporation organized under the laws of Michigan with its principal place of business in Lansing, Michigan.

2.      Dude Products, Inc. dba Dude Wipes (hereinafter "Dude") is an Illinois corporation and is the named insured on certain policies of insurance issued by Owners Insurance Company.

3.      Robert Lawton (hereinafter "Lawton") is a resident of San Francisco, California. Lawton is a named Plaintiff in a class-action filed against Dude in Superior Court of the State of California, Count of San Francisco captioned *Robert Lawton and Cristina Hall v. Dude Products, Inc.* pending in the Superior Court of California in San Francisco as Cause No. CGC-18-566005 ("*Lawton* action"). Lawton is a nominal but necessary party to this declaratory judgment action and has been joined herein solely to be bound by the judgment rendered in this cause, although no specific relief is sought against them. If Lawton stipulates and agrees to be bound by the judgment entered in this cause, then Owners will voluntarily dismiss Lawton from this action.

4.      Christina Hall (hereinafter "Hall") is a resident of San Diego, California. Hall is named Plaintiff in the *Lawton* action. Hall is a nominal but necessary party to this declaratory judgment action and has been joined herein solely to be bound by the judgment rendered in this cause, although no specific relief is sought against them. If Hall stipulates and agrees to be bound by the judgment entered in this cause, then Owners will voluntarily dismiss Hall from this action.

### JURISDICTION

5.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332 because there is complete diversity of citizenship between the plaintiff and the defendants, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

<u>**VENUE**</u>

5.      Venue is proper pursuant to 28 U.S.C. §1391 because a substantial part of the events giving rise to this litigation occurred in this judicial district and because Dude is a resident of this judicial district.

**THE *LAWTON* ACTION**

6.      Robert Lawton and Cristina Hall ("Claimants") state the purpose of their class action in the introduction to the complaint:

> 4.   This action seeks: (i) to require Defendants to pay restitution and damages to purchasers of the moistened wipes of the price premium paid for the wipes, i.e., the difference between the price consumers paid for the wipes and the price that they would have paid but for Defendants' misrepresentations, in an amount to be proven at trial using econometric or statistical techniques, such as hedonic regression or conjoint analysis and (ii) an injunction precluding the sale of wipes within a reasonable time after entry of judgment, unless the wipes' packaging and marketing is modified to remove the misrepresentations "flushable" and "100% biodegradable," as well as other changed practices, including to affirmatively inform purchasers that such wipes are not suitable for flushing and may cause damage to toilets, plumbing pipes, septic tanks and pumps, and/or municipal sewage lines and pumps and that such wipes are made of fibers that do not biodegrade.

(A copy of the *Lawton* action is attached hereto as Exhibit A).

7.      Under the heading "Substantive Allegations", the Claimants allege that "This case concerns Defendant's marketing and sale of 'Dude' brand flushable wipes." Claimants allege that Dude Wipes packaging prominently claims the wipes are "flushable" and "100% Biodegradable." On the back of the package, the Defendant claims they are "100% Biodegradable" and "SAVING THE WORLD ONE DUDE AT A TIME." Claimants allege that at no time did Dude Products disclose that Dude Wipes are not suitable to be flushed, are not regarded as flushable by municipal sewage systems, do not biodegrade, cause damage to

plumbing and sewage systems. Further, Dude Wipes has never disclosed the base material of the wipe.

8.      Claimants assert that Dude Products intends that consumers understand that Dude Wipes are flushable and biodegradable and that neither characteristic is present in the wipes. Claimants identify marketing materials including advertisements for Dude Wipes and the product website that state these claims. Claimants claim that because of Dude Products marketing of its product with these claims, consumers are more likely to purchase Dude Wipes. They assert that by claiming that Dude Wipes are 100% biodegradable, Dude Products falsely positions itself as an environmentally friendly product. Claimants claim that consumers will pay a premium for these qualities in a product.

9.      The Claimants action devotes seventeen pages to allegations concerning whether Dude Wipes are flushable or biodegradable and outlining the damage caused by wipes to municipal systems. They cite studies and reports from across the country to support their assertions that wipes are neither flushable or biodegradable.

10.     The named Claimants allege that they both purchased Dude Wipes because the product was marketed as flushable and biodegradable. The allege that if they knew the truth about Dude Wipes, they would not have purchased the wipes and would not have paid a premium for them.  Claimants seek certification of a class.

11.     Count I is titled "Fraud, Deceit and/or Misrepresentation." Claimants allege that in December 2014 and September 2017, Dude Products fraudulently and deceptively led the named Claimants to believe Dude Wipes were suitable to be flushed in a toilet. Further, Dude Products fraudulently and deceptively led Claimants to believe that the Dude Wipes would completely break down into elements found in nature within a reasonably short time after

disposal. Claimants also allege Dude Products failed to inform them that Dude Wipes: (i) are not suitable for disposal by flushing down a toilet; (ii) are not regarded as flushable by municipal sewage system operators; (iii) do not dissolve, disintegrate, disperse or biodegrade in the sewer system; (iv) are capable of causing damage to toilets, plumbing or septic tanks or pumps; (v) are made of plastic fibers and (vi) do not completely break down into elements found in nature in a reasonable time. Claimants assert these misrepresentations and omissions were material at the time they were made and concerned material facts that were essential to the analysis undertaken by Claimants as to whether to purchase Dude Wipes. Claimants assert they detrimentally relied on the fraudulent misrepresentations and omissions and that they would have acted differently by not purchasing or paying less for Dude Wipes if they had been properly informed. Claimants allege that through fraud, deceit, misrepresentations and/or omissions, Dude Products intended to induce Claimants and those similarly situated to act to their detriment and that the Claimants were induced to pay a premium for Dude Wipes. Claimants seek to recover the premium they paid for Dude Wipes. Claimants conclude that Dude Products' conduct was willful and malicious and designed to maximize profits even though the Dude Products knew it would cause loss to and harm the Claimants.

12. Count II is titled "Negligent Misrepresentation". Claimants allege that in November 2014 and September 2017, Dude Products fraudulently and deceptively led Claimants to believe Dude Wipes were suitable to be flushed in a toilet. Further, Dude Products fraudulently and deceptively led Claimants to believe that Dude Wipes would completely break down into elements found in nature within a reasonable short time after disposal. Claimants allege these representations were material to the Claimants analysis as to whether to purchase Dude Wipes and that Dude Products knew or should have known the representations were false

or had no reasonable grounds for believing them to be true when they were made. Claimants allege that through the negligent misrepresentations made by the Defendants, they were induced to purchase Dude Wipes. Claimants assert they detrimentally relied on the fraudulent misrepresentations and omissions and that they would have acted differently by not purchasing or paying less for Dude Wipes if they had been properly informed. Claimants assert they have suffered damages and seek to recover the alleged premium they paid for Dude Wipes.

13.　　Count III is titled "Unjust Enrichment." Claimants allege that by means of Defendants' wrongful conduct, the Defendants knowingly sold Duded Wipes to Claimants in a manner that was unfair, unconscionable and oppressive. Claimants allege the Defendants knowingly received and retained wrongful benefits and funds from Plaintiffs and in so doing acted with conscious disregard for Claimants' rights. Claimants assert that Defendants have been unjustly enriched as a direct result of their conduct. Claimants seek to recover the funds they were deprived of through unjust enrichment.

14.　　Count IV is titled "Violation of Consumer Legal Remedies Act, California Civil Code §1750." Claimants allege that Dude Products' conduct violates the California Consumer Legal Remedies Act ("CLRA"). Claimants allege that by engaging in actions, representations and conduct previously alleged, Dude Products violated the CLRA. The alleged violations include improper representation regarding the source, sponsorship, approval, or certification of goods sold. Further violations include false advertising that, combined with the other violations, led consumers to believe that Dude Wipes were ok to flush and were biodegradable. Claimants state they are seeking damages under the CLRA but instead seek to recover the premium they paid for Dude Wipes and demand that Dude Products correct its marketing.

15. Count V is titled "False Advertising, Business and Professions Code §17500." Claimants allege that within three years preceding the filing of their class action complaint, Dude Products made untrue, false, deceptive or misleading statements in connection with advertising and marketing Dude Wipes. Claimants allege Dude Products made representations (by omission or commission) that led reasonable consumers to believe that they were purchasing products that were suitable for flushing and biodegradable, when the product was neither. It is alleged that Dude Products' acts and omissions are likely to deceive the general public and that they were engaged in to increase profits. Claimants seek the following relief:  restitution of the price difference between what was paid for Dude Wipes and what would have been paid absent the false advertising, a declaration that Dude Products' practices constitute false, misleading and deceptive advertising and an injunction to prohibit sale of Dude Wipes until the packaging and marketing is modified to correct for misrepresentations.

16. Count VI is titled "Greenwashing" Under the Environmental Marketing Claims Act." Claimants allege that Dude Products has not maintained documents to support environmental representations and have made misleading environmental claims. Claimants seek a declaration that the Dude Products' conduct is fraudulent and/or unlawful and an injunction on the sale of Dude Wipes to allow for corrective packaging.

17. Count VII is titled "Unfair, Unlawful and Deceptive Trade Practices" and seeks recovery under the California Business and Professions Code. Claimants allege that within four years of their complaint, Dude Products engaged in deceptive trade practices in California including: (a) deceptively representing Dude Wipes were flushable; (b) deceptively representing Dude Wipes are biodegradable; (c) failing to inform Claimants that Dude Wipes are not flushable; (d) labeling Dude Wipes as flushable when they are not; (e) failing to advise that Dude

Wipes are made of synthetic materials; (f) violating FTC green guidelines; (g) violating the Environmental marketing act; (h) violating the CLRA; (i) violating FAL; and (j) engaging in fraud, deceit, and misrepresentation. Claimants allege they relied to their detriment on Dude Products' conduct, which was engaged in to increase profits, which injured Claimants. Claimants seek to recover the price difference between what they paid for Dude Wipes and what they would have paid if they knew Dude Wipes were not flushable or biodegradable. Claimants seek a declaration Dude Products' conduct was fraudulent and or unlawful and they seek an injunction on the sale of Dude Wipes until the packaging is fixed.

18.  In their prayer for relief Claimants seek the following relief as to all causes of action:

(1)  A declaration that the use of the term "flushable" on Dude Wipes is unlawful and likely to deceive reasonable consumers;

(2)  A declaration that the use of the phrase "100% biodegradable" on Dude Wipes is unlawful and likely to deceive reasonable consumers;

(3)  An injunction against the use of the flushable claim unless the product degrades similar to 2-ply toilet paper;

(4)  An injunction against Dude Products making claims that its product is safe for sewers, safe for septic systems, breaks apart after flushing, will not clog household plumbing systems, will not clog household septic systems, is safe for plumbing, is safe to flush, dissolves, disintegrates, disperses or biodegrades when interaction with water, is flushable, is biodegradable, is 100% biodegradable, will break down after disposal, or is saving the world unless the representation is non-misleading and based on relevant and reliable evidence.

(5)  That Dude Products not provide the means and instrumentalities for any party to make the prohibited representations in number 4, above.

(6)  an injunction to have Dude Products place disclaimers on Dude Wipes that flushing Dude Wipes is a violation Section 305.1 of the California Plumbing Codes.

19.     As to Causes of Action I, II and III, Claimants additionally seek damages in the amount of the premium they assert they paid for Dude Wipes based on the alleged misrepresentations by Dude Products concerning the product's qualities.   As   to   Causes   of Action IV, V and VII, Claimants seek restitution of the alleged price premium the paid for Dude Wipes based on misrepresentation of product qualities and injunctive relief under the California Business and Professions Code. As to Count VI, Claimants seek declaratory and injunctive relief pursuant to the California Business and Professions Code.

### THE OWNERS POLICIES

20.     Owners first policy issued to Dude Products, Inc. had an effective policy period of April 21, 2015 to April 21, 2016 with policy number 154604-07130020-15. The policy has been renewed on an annual basis. The only change to the policy number is the that last two digits change annually to reflect the year the policy was issued. All the policies are written with the 55300 Commercial General Liability Coverage Form and contain the 55358 Illinois Changes – Defense Cost endorsement that modifies the insuring agreements to the 55300 coverage form. Copies of the policies are attached hereto as Exhibits B, C and D.

21.     The insuring agreement to Coverage A (Bodily Injury and Property Damage), as modified by the Illinois Changes – Defense Costs endorsement, to the Owners policies states as follows:

**COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1.     Insuring Agreement**

       **a.**    We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. We may at our discretion investigate any claim or "occurrence" and settle any claim or "suit" that may result. But:

**(1)** The amount we will pay for damages is limited as described in Section III – Limits Of Insurance; and

**(2)** Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverage A or B or medical expenses under Coverage C.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments - Coverages A and B.

If we initially defend an insured or pay for an insured's defense but later determine that the claim(s) is (are) not covered under this insurance, we will have the right to reimbursement for the defense cost we have incurred.

The right to reimbursement for the defense costs under this provision will apply to defense costs we have incurred after we notify you that there may not be coverage, and that we are reserving our rights to terminate the defense and seek reimbursement for defense costs

**b.** This insurance applies to "bodily injury" and "property damage" only if:

**(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

**(2)** The "bodily injury" or "property damage" occurs during the policy period; and

**(3)** Prior to the policy period, no insured listed under Paragraph 1. of Section II – Who is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "Property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change, or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

    c.      "Bodily injury" or "Property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph 1. of Section II - Who is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim:

        **(1)**    Reports all, or any part, of the "bodily injury" or "property damage" to use or any other insurer;

        **(2)**    Receives a written or verbal demand o claim for damages because of the "bodily injury" or "property damage"; or

        **(3)**    Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

22.    The following definitions apply to the policy language above.

**SECTION V - DEFINITIONS**

**14.**    "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

* * * * *

**18.**    "Property damage" means:

    **a.**    Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

    **b.**    Loss of use of tangible property that is not physically injured. All such loss shall be deemed to occur at the time of the "occurrence" that caused it.

* * * * *

23.    Insuring agreement B to the Owners policies states as follows:

**COVERAGE B. PERSONAL INJURY AND ADVERTISING INJURY LIABILITY**

**a.**    We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal injury" or "advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. We may at our

discretion investigate any claim or offense and settle any claim or "suit" that may result. But:

**(1)** The amount we will pay for damages is limited as described in Section III - Limits Of Insurance; and

**(2)** Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverage A or B or medical expenses under Coverage C.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments - Coverages A and B.

If we initially defend an insured or pay for an insured's defense but later determine that the claim(s) is (are) not covered under this insurance, we will have the right to reimbursement for the defense cost we have incurred.

The right to reimbursement for the defense costs under this provision will apply to defense costs we have incurred after we notify you that there may not be coverage, and that we are reserving our rights to terminate the defense and seek reimbursement for defense costs

**b.** This insurance applies to "personal injury" and "advertising injury" only if:

(1) The "personal injury" or "advertising injury" is caused by an offense arising out of your business; and

(2) The offense causing the "personal injury" or "advertising injury" was committed in the "coverage territory" during the policy period.

24. The Owners policies define "advertising injury" as follows:

2. "Advertising injury" means injury arising out of one or more of the following offenses:

a. Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services in your "advertisement";

      b.      Oral or written publication, in any manner, of material that violates a person's right of privacy in your "advertisement";

      c.      The use of another's advertising idea in your "advertisement"; or

      d.      Infringing upon another's copyright, "trade dress" or slogan in your "advertisement".

25.      The Owners policies define "advertisement" as follows:

      1.      "Advertisement" means a notice that is broadcast or published to the general public or specific market segments about your goods, products or services for the purpose of attracting customers or supporters.

      For the purposes of this definition:

      a.      Notices that are published include material placed on the Internet or on similar electronic means of communication; and

      b.      Regarding web-sites, only that part of a website that is about your goods, products or services for the purpose of attracting customers or supporters is considered an advertisement.

26.      Exclusion C (Material Published Prior to the Policy Period) to Coverage Part B to the Owners policies states:

**c.**      **Material Published Prior To Policy Period**

      Arising out of oral or written publication of material whose first publication took place before the beginning of the policy period.

27.      Exclusion G (Quality Or Performance of Goods - Failure To Conform To Statements or Representations) to Coverage Part B to the Owners policies states:

**g.**      **Quality Or Performance of Goods - Failure To Conform To Statements or Representations**

      Arising out of the failure of goods, products or services to conform with any statement or representation of quality or performance made in your "advertisement".

<u>**TENDER TO OWNERS**</u>

28.     Dude first provided notice to Owners of a claim prior to the filing of the *Lawton* action. Dude then tendered the *Lawton* action when it was filed. Owners denied coverage for the claim and advised Dude it was bringing this Declaratory Judgment action.

29.     Upon information and belief, Dude disputes Owners contention that no coverage is available for the *Lawton* action. An actual controversy exists between Owners and the Dude.

<u>**COUNT I**</u>

<u>**DECLARATORY JUDGMENT: NO DUTY TO DEFEND OR INDEMNIFY UNDER COVERAGE PART A.**</u>

30.     Owners adopt and repeats the allegations of ¶¶ 1 through 29 as and for ¶30 hereof as though the same were fully set forth herein.

31.     Plaintiff contends that the allegations contained in the *Lawton* action are not covered under Coverage Part A to the Owners policies and that Owners is not obligated to defend or indemnify under Coverage Part A by reason of one or more or all of the following:

    (a)     The *Lawton* action does not state a claim for "property damage";

    (b)     The Lawton action does not allege an "occurrence";

    (c)     The Lawton action is not otherwise covered by Coverage Part A to the Owners policies.

32.     The above contentions of Plaintiff, on information and belief, are denied by Defendants who, in turn, contend that the damages alleged and the allegations contained in the *Lawton* action are covered under Coverage Part A to the Owners policies of insurance. Plaintiff, in turn, denies the contrary contentions of Defendants.

33.     By reason of the foregoing, an actual and justiciable controversy exists between the parties and each of them, which may be determined by a judgment or order of this Court.

Pursuant to the terms of section 5/2-701 of the Illinois Code of Civil Procedure (735 ILCS §5/2-701), this Court has the power to declare and adjudicate the rights and liabilities of the parties hereto under the terms and provisions of the policies of insurance referred to herein and to adjudicate the final rights of all parties and to give such other and further relief as may be necessary to enforce the same.

**WHEREFORE**, the Plaintiff, OWNERS INSURANCE COMPANY prays that this Court enters judgment finding and declaring the rights of the parties as follows:

### AS TO COUNT I:

A.   That Owners has no duty to defend Dude under Coverage Part A to its policies of insurance for the claims against Dude in the action captioned *Robert Lawton and Cristina Hall v. Dude Products, Inc.* pending in the Superior Court of California in San Francisco as Cause No. CGC-18-566005.

B.   That Owners has no duty to indemnify Dude under Coverage Part A to its policies of insurance for the claims against Dude in the action captioned *Robert Lawton and Cristina Hall v. Dude Products, Inc.* pending in the Superior Court of California in San Francisco as Cause No. CGC-18-566005.

C.   That the Court grant Plaintiffs such other and further relief as the Court deems fit and just under the circumstances.

D.   That Plaintiffs be awarded and have and recover its just and reasonable costs incurred herein and have execution issue therefor.

### COUNT II

### DECLARATORY JUDGMENT: NO DUTY TO DEFEND OR INDEMNIFY UNDER COVERAGE PART B

34.   Owners adopt and repeats the allegations of ¶¶ 1 through 29 as and for ¶34 hereof as though the same were fully set forth herein.

35.   Plaintiff contend that the allegations contained in the *Lawton* action are not covered under Coverage Part B to the Owners policies issued to Dude and that Owners is not

obligated to defend or indemnify under Coverage Part A by reason of one or more or all of the following:

        (a)     The *Lawton* action does not state a claim for "Personal Injury" or "Advertising Injury";

        (c)     The Lawton action is not otherwise covered by Coverage Part B to the Owners policies.

36.     The above contentions of Plaintiff, on information and belief, are denied by Defendants who, in turn, contend that the damages claimed and the allegations contained in the *Lawton* action are covered under Coverage Part B to the Owners policies of insurance. Plaintiff, in turn, denies the contrary contentions of Defendants.

37.     By reason of the foregoing, an actual and justiciable controversy exists between the parties and each of them, which may be determined by a judgment or order of this Court. Pursuant to the terms of section 5/2-701 of the Illinois Code of Civil Procedure (735 ILCS §5/2-701), this Court has the power to declare and adjudicate the rights and liabilities of the parties hereto under the terms and provisions of the policies of insurance referred to herein and to adjudicate the final rights of all parties and to give such other and further relief as may be necessary to enforce the same.

**WHEREFORE**, the Plaintiff, OWNERS INSURANCE COMPANY prays that this Court enters judgment finding and declaring the rights of the parties as follows:

### AS TO COUNT II:

A.     That Owners has no duty to defend Dude under Coverage Part B to its policies of insurance for the claims against Dude in the action captioned *Robert Lawton and Cristina Hall v. Dude Products, Inc.* pending in the Superior Court of California in San Francisco as Cause No. CGC-18-566005.

B.     That Owners has no duty to indemnify Dude under Coverage Part B to its policies of insurance for the claims against Dude in the action captioned

*Robert Lawton and Cristina Hall v. Dude Products, Inc.* pending in the Superior Court of California in San Francisco as Cause No. CGC-18-566005.

C.     That the Court grant Plaintiffs such other and further relief as the Court deems fit and just under the circumstances.

D.     That Plaintiffs be awarded and have and recover its just and reasonable costs incurred herein and have execution issue therefor.

## COUNT III

### IN THE ALTERNATIVE: NO DUTY TO DEFEND OR INDEMNIFY UNDER COVERAGE B BASED ON "PRIOR PUBLICATION" EXCLUSION

38.     Auto-Owners and Owners adopt and repeats the allegations of ¶¶ 1 through 29 as and for ¶36 hereof as though the same were fully set forth herein.

39.     Plaintiff contends that the allegations contained in the complaint filed against Defendants are not covered under the Owners policies issued to Dude and that Owners is not obligated to defend or indemnify Defendants for "advertising injury" claims "[a]rising out of oral or written publication of material whose first publication took place before the beginning of the policy period."

40.     The Prior Publication exclusion precludes coverage under any policy issued after the first publication by Dude of the alleged harmful material, here the alleged representations on Dude's product regarding the properties of Dude Wipes.

41.     The *Lawton* action alleges injury from Dude Wipes packaging as early December 2014, which predate the first policy sold by Owners to Dude which did not provided coverage until April 21, 2015

42.     The above contentions of Plaintiff, on information and belief, are denied by Defendants who, in turn, contend that the damages claimed and the allegations contained in the

*Lawton* action are covered under Coverage Part B to the Owners policies of insurance. Plaintiff, in turn, denies the contrary contentions of Defendants.

43. By reason of the foregoing, an actual and justiciable controversy exists between the parties and each of them, which may be determined by a judgment or order of this Court. Pursuant to the terms of section 5/2-701 of the Illinois Code of Civil Procedure (735 ILCS §5/2-701), this Court has the power to declare and adjudicate the rights and liabilities of the parties hereto under the terms and provisions of the policies of insurance referred to herein and to adjudicate the final rights of all parties and to give such other and further relief as may be necessary to enforce the same.

**WHEREFORE**, the Plaintiff, OWNERS INSURANCE COMPANY, prays that this Court enters judgment finding and declaring the rights of the parties as follows:

### AS TO COUNT III:

A. That Owners has no duty to defend Dude under Coverage Part B to its policies of insurance for the claims against Dude in the action captioned *Robert Lawton and Cristina Hall v. Dude Products, Inc.* pending in the Superior Court of California in San Francisco as Cause No. CGC-18-566005.

B. That Owners has no duty to indemnify Dude under Coverage Part B to its policies of insurance for the claims against Dude in the action captioned *Robert Lawton and Cristina Hall v. Dude Products, Inc.* pending in the Superior Court of California in San Francisco as Cause No. CGC-18-566005.

C. That the Court grant Plaintiffs such other and further relief as the Court deems fit and just under the circumstances.

D. That Plaintiffs be awarded and have and recover its just and reasonable costs incurred herein and have execution issue therefor.

## COUNT IV

### IN THE ALTERNATIVE: NO DUTY TO DEFEND OR INDEMNIFY UNDER COVERAGE B BASED ON "QUALITY OR PERFORMANCE OF GOODS" EXCLUSION

44.    Auto-Owners and Owners adopt and repeats the allegations of ¶¶ 1 through 29 as and for ¶42 hereof as though the same were fully set forth herein.

45.    Plaintiff contends that the allegations contained in the complaint filed against Defendants are not covered under the Owners policies issued to Dude and that Owners is not obligated to defend or indemnify Defendants for "advertising injury" claims "[a]rising out of the failure of goods, products or services to conform with any statement or representation of quality or performance made in your "advertisement"."

46.    The Quality or Performance of Goods exclusion precludes coverage for any "advertising injury" claim arising out of the failure of Dude's wipes to conform with representations of quality or performance made by Dude in Dude's "advertisement."

47.    The *Lawton* action alleges that Dude wipes failed to conform with the representations by Dude made in advertisements.

48.    The above contentions of Plaintiff, on information and belief, are denied by Defendants who, in turn, contend that the damages claimed and the allegations contained in the *Lawton* action are covered under Coverage Part B to the Owners policies of insurance.  Plaintiff, in turn, denies the contrary contentions of Defendants.

47.    By reason of the foregoing, an actual and justiciable controversy exists between the parties and each of them, which may be determined by a judgment or order of this Court. Pursuant to the terms of section 5/2-701 of the Illinois Code of Civil Procedure (735 ILCS §5/2-701), this Court has the power to declare and adjudicate the rights and liabilities of the parties hereto under the terms and provisions of the policies of insurance referred to herein and to

adjudicate the final rights of all parties and to give such other and further relief as may be necessary to enforce the same.

      **WHEREFORE**, the Plaintiff, OWNERS INSURANCE COMPANY, prays that this Court enters judgment finding and declaring the rights of the parties as follows:

<strong>AS TO COUNT IV:</strong>

A.     That Owners has no duty to defend Dude under Coverage Part B to its policies of insurance for the claims against Dude in the action captioned *Robert Lawton and Cristina Hall v. Dude Products, Inc.* pending in the Superior Court of California in San Francisco as Cause No. CGC-18-566005.

B.     That Owners has no duty to indemnify Dude under Coverage Part B to its policies of insurance for the claims against Dude in the action captioned *Robert Lawton and Cristina Hall v. Dude Products, Inc.* pending in the Superior Court of California in San Francisco as Cause No. CGC-18-566005.

C.     That the Court grant Plaintiffs such other and further relief as the Court deems fit and just under the circumstances.

D.     That Plaintiffs be awarded and have and recover its just and reasonable costs incurred herein and have execution issue therefor.

             Respectfully submitted:

             PRETZEL & STOUFFER, CHARTERED

             BY:       s/David N. Larson
                      David N. Larson

Richard M. Waris
David N. Larson
PRETZEL & STOUFFER, CHARTERED
One South Wacker Drive
Suite 2500
Chicago, IL 60606
(312) 578-7548
*Attorneys for Plaintiff*